Harold V. Dye
I.D. #408
Dye & Moe, P.L.L.P.
120 Hickory Street, Suite B
Missoula, Montana 59801-1820
Telephone (406) 542-5205
Fax (406) 721-1616
hdye@dyemoelaw.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

RUSSELL RAYMOND KOPPES and       Case No. 13-61013-11
RUBY ANN KOPPES,

  Debtors.

## PLAN OF LIQUIDATION DATED NOVEMBER 12, 2014

### Definitions

Debtors: Russell Raymond Koppes and Ruby Ann Koppes collectively. Separately they shall be referred to as "Russ" and "Ruby" respectively.

Claim: A duly listed or timely filed claim which is allowed by the court.

Court: The United States Bankruptcy Court for the District of Montana, including the United States Bankruptcy Judge presiding in this case.

Creditors:  All creditors of the debtors holding claims for debts, liabilities, demands or claims of any character.

Secured creditors:  Creditors who hold a lien, security interest or other encumbrance which was properly perfected as required by law with respect to property owned by debtors as of the effective date of the plan.

Unsecured creditors:  Creditors who do not hold a lien, security interest or other encumbrance which has been properly perfected as required by law with respect to property owned by debtors.  Unsecured creditors include creditors formerly secured who have had property released to them and who claim a deficiency against the general assets of the estate.

Effective date:  The date on which the order confirming the plan becomes final and non-appealable.

Plan:  This Plan of Liquidation in its present form or as amended or supplemented.

Liquidation Administrate Expenses.   Expenses incurred by the Debtors after confirmation of this plan that would be administrative expenses if incurred prior to confirmation and that are necessary or helpful in Debtors liquidating their real estate.  Such expenses include attorneys and accountants' fees; the commissions of real estate brokers or

auctioneers and other professionals.  Court approval of the employment or compensation of such persons is not required but any person may request that the Court determine the reasonableness of requested compensation.

## Article I
## Classification of Claims

Class 1:  Costs and expenses of administration as defined in the bankruptcy code for which application for allowance is filed prior to the effective date of the plan as those expenses are allowed, approved and ordered paid by the court.

Class 2:  All expenses of administration other than Class 1.

Class 3:  Secured claims.  These are sub-classified as follows:

Class 3.1.  Secured claim of Bayview Loan Servicing, LLC (formerly held by Flagstar Bank) secured by the residence and land at 1305 Skalaho Hwy, Hamilton, MT 59840 and described as Tract A, COS No 646175-R, Parcel No. 632010.

Class 3.2.  Secured claim of Ravalli County Bank secured by residence, outbuildings and land described as Tract B, Certificate of Survey No. 4489.

Class 3.3.  Secured claim of Harold Mildenberger secured by the remainder of Debtors' real property and improvements thereon more particularly described on page 18 of proof of claim No. 9.

Class 3.4.   Secured claim of Ravalli County secured by first position tax lien on Debtors' real estate.

Class 4:  Claims entitled to priority.   There are no known creditors in this class.

Class 5:  All non-priority unsecured claims as allowed, approved and ordered to be paid by the court.

## Article II
## Claims Not Impaired Under the Plan

All classes of claims are impaired.

## Article III
## Payment of Claims Under the Plan

Class 1 shall be paid as allowed, approved and ordered by the court. Debtors counsel consents to payment from liquidation of real estate as set forth below.

Class 2 shall be paid in the ordinary course of business.

Class 3 shall be paid from liquidation of real estate as set forth below.

Class 4: (if any) shall be paid liquidation of real estate as set forth below.

Class 5: shall be paid liquidation of real estate as set forth below.

## Article IV
## Means for Execution of the Plan

The plan will be funded from sales of real estate as follows:

1. Debtors' real property shall be listed for sale and sold with marketing advice from an approved broker. All or a sufficient amount to pay all claims in full of Debtors' real estate shall be sold by September 1, 2016 or the auction sale procedure of this plan shall be implemented.

2. Upon a sale of a tract of real estate, the proceeds of sale, after normal and customary closing costs and commissions approved by the Court (if required), shall be paid to the holders of liens and encumbrances on such real property as follows: (a) to the claim; (b) to post-petition interest at the contractual or statutory rate and (c) to post-petition attorney's fees, costs and property preservation expenses as approved by the Court.

3. Any surplus from sale, shall be paid in the following order: (1) pre-confirmation administrative expenses as ordered paid by the Court; (2) accrued post-confirmation Liquidation Administrate Expenses; (3) to a reserve for estimated United States Trustee fees and estimated income taxes generated by the sale; (4) to the remaining Class 3 creditors for accrued post-petition interest at the contractual or statutory rate and for post-petition attorney's fees, costs, and property preservation expenses as approved by the Court pro rata.

4. If there is any surplus after payment of the items in paragraphs 2 and 3 above which is insufficient to pay all claims, administrative

expenses, Liquidation Administrative Expenses, estimated taxes and United States Trustee's fees in full, then the Court, after notice and hearing my approve a proposal by Debtors or any party in interest for the distribution of such funds as the equities of the case require. Such a proposal may propose pro-rata payment or payment only to Class 5 claims or the creation of a "convenience class" sub-class of Class 5 unsecured claims.

5. If all claims, administrative expenses, Liquidation Administrative Expenses, estimated taxes and United States Trustee's fees are not paid by September 1, 2016, then the balance of Debtors' real estate shall be sold at auction. Auction procedures shall be fixed by the Court after notice and hearing but such procedures shall include provision for credit bits by secured creditors subject only to a surcharge pursuant to 11 U.S.C. § 506(c) for United States Trustee fees applicable to the credit bid.

6. The Court shall retain powers to order sales of property free and clear of liens with valid liens to attach to proceeds of sale as provided in 11 U.S.C. § 363(f) notwithstanding confirmation of this plan.

7. Secured creditors retain the right to request relief from the Court in the event that they feel that Debtors marketing efforts are unrealistic or inappropriate.

## Article V
## Treatment of Executory Contracts

Debtors reject the executory contract with David Anderson to purchase a portion of the security of Harold Mildenberger as Mr. Mildenberger will not consent to the release of the property from his lien. Mr. Anderson has filed an unsecured claim for his deposit which shall be treated as a Class 5 unsecured claim.

## Article VI
## General Provisions

Until the case is closed, the court shall retain jurisdiction to insure that the purpose and intent of this plan are carried out. The court shall retain jurisdiction to hear and determine claims against debtors and to enforce causes of action which may exist on behalf of debtors. Nothing contained in the plan prevents the reorganized debtors from taking action as may be necessary in the enforcement of any cause of action which may exist on debtors' behalf.

Dated: November 12, 2014.

                                              DYE & MOE, P.L.L.P.

                                              */s/ Harold V. Dye*
                                              Harold V. Dye

## CERTIFICATE OF SERVICE

I, the undersigned certify under penalty of perjury that on November 12, 2014 copies of the foregoing Plan of Liquidation were served electronically by ECF notice to all persons/ entities requesting special notice or otherwise entitled to same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/ entities who are not ECF registered users

                                        */s/ Harold V. Dye*_____
                                        Harold V. Dye